UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DONALD KING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Case No. 08-1562 (RJL) |
| CHARLES F. BOLDEN, JR., | ) |
| ADMINISTRATOR, NATIONAL | ) |
| AERONAUTICS AND SPACE | ) |
| ADMINISTRATION, | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM OPINION
(June __, 2010) [# 11]

Donald King ("King" or "plaintiff") brings this action against Charles F. Bolden, Jr. (the "defendant") alleging violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, by his employer, the National Aeronautics and Space Administration ("NASA"), for sex discrimination, retaliation, and a hostile work environment. Before the Court is the defendant's Motion for Summary Judgment. Upon consideration of the parties' pleadings, relevant law, and the entire record herein, the defendant's motion is GRANTED.

At the outset, the Court notes that this case is related to *Johnson v. Bolden*, ___ F. Supp. 2d ___, No. 08-1316, 2010 WL 1233377 (D.D.C. Mar. 31, 2010). In *Johnson*, the plaintiff, an African-American male employed by NASA as a GS-13 Equal Opportunity ("EO") Specialist, complained of sex discrimination, retaliation, and a hostile work

environment in violation of Title VII. *Id.* at *1. This Court granted summary judgment in favor of NASA on all counts. *Id.* at *6.

Similarly, plaintiff here is an African-American male employed by NASA as an Equal Opportunity Manager. The complaint filed in his case is identical to the one filed in *Johnson* with a few exceptions: it claims that (1) in 2002, King was promoted from his position as a GS-13 EO Specialist to a GS-14 Equal Employment Manager, Compl. ¶ 8; (2) in 2003, he was promoted again to a GS-15 Equal Employment Manager, *id.* ¶ 9, for which his primary duties were to be a team leader in the processing, adjudication, and disposition of individual and class action complaints of employment discrimination filed against NASA, *id.* ¶ 10; (3) many of his job-related responsibilities and duties were assigned to a white female employee with less experience who was, at the time, a temporary GS-14 employee, *id.* ¶¶ 22-23; (4) his 2004 performance appraisal was completed by a GS-14 employee, while King was a GS-15 employee, *id.* ¶ 36; (5) in 2006, he was placed in the position of Acting Director for Complaints Processing, *id.* ¶ 57; (6) in February 2008, he applied but was not selected for the position of Director of the EEO Complaints Division, *id.* ¶¶ 58-59; and (7) he sought counseling when he was denied the promotion but no counselor was appointed for him, *id.* ¶ 61. Unfortunately for King, none of these factual allegations supports a different finding in this case than that in *Johnson*.

The fact that King was promoted to the GS-15 level certainly does not support any

finding of Title VII violations. Nor do his complaints about the delegation of his assignments and responsibilities, or who completed his performance appraisals, identify adverse actions upon which his sex discrimination claim can rely. *See Forkkio v. Powell*, 306 F.3d 1127, 1130-31 (D.C. Cir. 2002). Thus, like Johnson, several of King's complaints simply fail to constitute adverse actions. *See Johnson*, No. 08-1316, 2010 WL 1233377, *3 (finding lack of opportunity to provide training, exclusion from meetings, and exclusion from high profile assignments not to be adverse actions). As to his complaints about not being selected Director of the EEO Complaints Division, the amount of King's bonuses, and the performance evaluations he takes issue with, NASA has asserted a legitimate, non-discriminatory explanation: a concern among management officials that King's case processing was lagging, which in turn affected his promotional opportunities, the amount of bonus he received, and the nature of his performance appraisals. *See* Def.'s Mot. for Summ. J. ("Def.'s Mot.") Ex. E, Hayden-Watkins Dep. 111:22-113:5, 126:1-128:2, July 12, 2006; *see also* Def.'s Mot. Ex. G (showing King had complaints pending for 1,036, 973, and 873 days). King, who relies on many of the same arguments Johnson used, has offered no evidence that NASA's reasons are a pretext for discrimination. As a result, King's sex discrimination claim must fail. *See Brady v. Office of Sergeant at Arms*, 520 F.3d 490, 494 (D.C. Cir. 2008); *see also Johnson*, No. 08-1316, 2010 WL 1233377, at *4 ("Johnson has offered no evidence in response to indicate that NASA's reasons are a pretext for discrimination.").

King's retaliation claim fairs no better. In his complaint, he claims that he was not chosen as Director of the Complaints Management Division in 2008 as retaliation for engaging in protected EEO activity in 2004 and 2005. *See* Compl. ¶¶ 39-40, 43-45. Remarkably, King also asserts in his opposition to defendant's motion, for the very first time in this litigation, that he has *direct* evidence of retaliation: he claims that Brenda Manuel, the administrator in charge of the vacancy announcement, told him "that if he was truly interested in being considered for the permanent position of Director, Complaints Management Division, he should think about withdrawing his EEO complaint against NASA." Pl.'s Opp'n 18 (citing Pl.'s Opp'n Ex. 1, King Decl., ¶¶ 77-78). The sole support for this remarkable allegation, however, is a declaration filed by the plaintiff that directly contradicts his previous sworn testimony. *See* Def.'s Reply Ex. 3, King Dep. 124:15-125:10 (Q: "Okay. So do you think that Brenda Manuel retaliated against you?" A: "I don't know. I don't know."). It is well established that the sham affidavit rule "precludes a party from creating an issue of material fact by contradicting prior sworn testimony unless the shifting party can offer persuasive reasons for believing the supposed correction is more accurate than the prior testimony." *Galvin v. Eli Lilly & Co.*, 488 F.3d 1026, 1030 (D.C. Cir. 2007) (internal quotation marks omitted). Unfortunately for King, he has not done so. Accordingly, the Court will not consider the substance of this declaration in deciding the current motion. Absent the assertions in his declaration, King has thus provided no evidence of a causal connection between his EEO activity and

his non-selection for the Director position two and a half years later. As such, his retaliation claim must also fail. *See Baloch v. Kempthorne*, 550 F.3d 1191, 1198 (D.C. Cir. 2008); *see also Johnson*, No. 08-1316, 2010 WL 1233377, at *5 (finding no causal connection for events two and half months apart).

Finally, King's claim of a hostile work environment is also insufficient. Nothing in King's allegations demonstrates that he was subjected to a worse work environment than Johnson. As in Johnson's case, King's complaints simply fail to rise to the level of severity necessary to constitute a legitimate hostile work environment claim. *See Johnson*, No. 08-1316, 2010 WL 1233377, at *5; *see also Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) ("These standards for judging hostility are sufficiently demanding to ensure that Title VII does not become a general civility code.") (internal quotation marks omitted). Thus for these reasons, the Court GRANTS the defendant's Motion for Summary Judgment and DISMISSES the action in its entirety. An order consistent with the Court's ruling accompanies this Memorandum Opinion.

/s/ Richard J. Leon
RICHARD J. LEON
United States District Judge

5